The next case is called in the type of news docket. The first case is in the type of news docket. People v. Jackson. Counsel, whenever you're ready, you may proceed. Lawrence O'Neill My name is Lawrence O'Neill. I represent Anthony Jackson in this appeal. This appeal is from the trial court's grant of the state's motion to dismiss Mr. Jackson's amended postconviction petition at the second stage of the proceedings. I ask this court to reverse the trial court and demand for a third stage evidentiary hearing. Following a jury trial, Mr. Jackson was found guilty of first degree murder for the shooting death of Kevin Hamburg in September 2008. Mr. Jackson took a direct appeal and raised one issue, that the trial court erred in denying his motion to suppress confession. This court affirmed the judgment of the trial court. In this appeal, Mr. Jackson raises one issue. That his amended postconviction petition made a substantial showing that appellate counsel provided ineffective assistance by failing to argue on direct appeal, that the trial court abused his discretion by not allowing Patricia Phillips to testify that she saw a black man other than Mr. Jackson running in the vicinity of the crime, close in time to the murder. Prior to trial, the state filed a motion in lemonade to bar the testimony of Patricia Phillips, asserting that her testimony was irrelevant. At the hearing on the motion in lemonade, Phillips' proposed testimony was presented, which was that she was walking her dog on the night of the shooting when she saw a black man wearing a dark colored hoodie running from behind an apartment building near the murder scene. A couple of days later, she saw the same man as he approached her and tried to force his way into her car. This man was not Mr. Jackson because at the time of Phillips' second encounter with the man, the evidence showed that Mr. Jackson was in the state of Arkansas. The trial court granted the state's motion in lemonade to bar Phillips' testimony, finding that it was irrelevant. Defense counsel preserved the issue by raising it in a post-trial motion. The trial court's ruling was an abuse of discretion, denying Mr. Jackson his right to present a defense and a fair trial. Wasn't there some issue as to whether he was in Arkansas or Oklahoma? Was there some confusion on the defendant's part as to where he was? The subsequent evidence, he was in both Arkansas and Oklahoma. He was actually placed under arrest when he was in Oklahoma, but the evidence presented at the motion in lemonade hearing indicated that he was in the state of Arkansas at the time, two days later, after Patricia Phillips purportedly saw the same black man. Mr. Jackson's amendment petition made a substantial showing of appellate counsel's failure to raise this issue on direct appeal constituted ineffective assistance of counsel, meriting a third stage evidentiary hearing. The two-part test of Strickland v. Washington is applicable to claims involving ineffective assistance of appellate counsel. First, appellate counsel's performance fell below an objective level of reasonableness as reasonably effective counsel would have raised this issue on direct appeal. A criminal defendant is entitled to prove that someone else committed the crime with which he is charged. Counsel argued at the motion in lemonade hearing that Patricia Phillips' testimony was relevant to support the defense theory that somebody else committed the crime, and that was the defense at trial. And where the police did not interview Phillips, the investigation was flawed, and that the police prematurely settled on Mr. Jackson without conducting a thorough investigation. The trial court abused its discretion by buying Phillips' testimony because the other suspect evidence was relevant to Mr. Jackson's defense that someone else committed the crime and that the police conducted a flawed investigation. And it was not so speculative and uncertain as to justify its exclusion. The evidence did not have to prove that somebody else committed the crime to be admissible. Rather, the evidence merely had to be relevant and not too speculative or uncertain. Phillips' proposed testimony was clear, concrete, and logical. It was not speculative or uncertain in any way. The trial court's finding that the testimony was too speculative? Yes, that's correct. But again, that was an abuse of discretion that appellate counsel should have raised. A reasonably effective counsel would have raised the claim on appeal that the trial court's buying of this testimony was an abuse of discretion. So it was objectively unreasonable for counsel on appeal to not raise this issue. Moreover, appellate counsel's failure to raise the issue was prejudicial because the issue had a reasonable likelihood of success on direct appeal. Had counsel raised the issue, there was a reasonable likelihood that this court would have found that the trial court abused its discretion and would have reversed Mr. Jackson's conviction because the error might have affected the outcome of the jury verdict. Phillips' proposed testimony was potentially exonerating because the presence of another black man near the murder scene proximate in time to the murder would have cast doubt on Mr. Jackson's guilt and would have bolstered Mr. Jackson's defense that somebody else committed the crime. This was a credible defense as eyewitness to the murder, Amanda Hunt, initially told the police that the shooter was a man named Terrell Blanche who was a neighbor of Amanda Hunt and the decedent, Kevin Hamburg. Moreover, four negro hairs were recovered from the shirt of the decedent that were microscopically dissimilar from Mr. Jackson's hair and the decedent was a white man. In addition, Phillips' proposed testimony would have allowed the defense to develop its claim that the police conducted a flawed investigation as there is no indication that the police interviewed Phillips or investigated her claim about another suspect. Rather, the police prematurely settled on Mr. Jackson as the suspect without further investigation into other possible leads. Moreover, Phillips' testimony might have made a difference in the case since the state's case was significantly comprised of the bargain for testimony of several inmate witnesses who received benefit from the state for their testimony against Mr. Jackson. Because the issue was meritorious and would likely have been successful on appeal, Mr. Jackson was prejudiced by appellate counsel's failure to raise the issue on direct appeal. Thus, Mr. Jackson's amended post-conviction petition made a substantial showing that appellate counsel provided ineffective assistance which merits a third stage evidentiary hearing to flush out these matters. I ask this current court to remand the case for a third stage evidentiary hearing. Any further questions, your honors? I don't believe so. Thank you. Thank you, counsel. Counsel? May it please the court. Good afternoon, your honors. Counsel. My name is Erin Wilson and I appear on behalf of the state. Your honors, the determinative question in this appeal is whether or not the trial court abused its discretion by concluding that Patricia Phillips' statement was irrelevant. Patricia's statement merely indicated that she saw a black male running in the general vicinity of the shooting for which the defendant was convicted. She then stated that she thought that she saw the same man a couple of days later, and the trial court determined that this statement was irrelevant. As your honors are aware, evidence is relevant only if it makes the fact of consequence more or less probable, and only relevant evidence is admissible at trial. Patricia Phillips' statement in no way connects the individual that she saw to the crime for which the defendant was convicted. She did not see him running from the scene of the crime. She merely saw him in the same neighborhood. She did not see him with a weapon, and she did not know who this man was. There is no fact that connects this man to the crime for which the defendant was convicted, and it is this lack of connection that renders the evidence irrelevant. Consequently, the trial court properly excluded the evidence as irrelevant because there is no connection between her statement and the crime for which the defendant was convicted. And because the defendant cannot persuade that the trial court's decision was an abuse of discretion, appellate counsel likewise was not ineffective. To prove ineffective assistance of appellate counsel, we turn to the familiar test outlined in Strickland v. Washington, which requires the defendant to prove both deficient performance and prejudice. Our Supreme Court in People v. Easley held that a defendant is not prejudiced by appellate counsel's decision to not raise a meritless issue on appeal. And put another way, appellate counsel is not ineffective for declining to raise a meritless claim. Because the trial court did not abuse its discretion by determining that Ms. Phillips' statement was irrelevant, appellate counsel was not required to raise it on appeal because to do so would be a meritless issue. Consequently, defendant's post-conviction petition failed to make a substantial showing of a constitutional violation, and the trial court properly dismissed the petition at the second stage of review. And if your honors have no questions, the state will rest on the brief. I don't believe we do. Thank you. Thank you, your honors. Counsel? Your honors, again, Mr. Jackson's amended petition did not have to prove that this other suspect seen by Phillips committed the crime. It only has to show that it was relevant and not too speculative or uncertain. In this case, the record supports the claim that there was a third other suspect may have been involved in the shooting, and that centers on Terrell Branch. Terrell Branch, again, was initially identified by the eyewitness Amanda Hunt, who told the police that the shooter was her neighbor, Terrell Branch. Now, Branch was initially arrested for this murder, and also evidence shows that Terrell Branch regularly bought drugs from the decedent, Kevin Hamber. So there's a basis in the record to find that this was a legitimate, relevant issue that another suspect may have committed the offense. But when Phillips didn't testify, and the police didn't interview or investigate her claim, there is a gap here that can only be resolved in a third-stage evidentiary hearing, where Branch maybe could testify, or appellate counsel could testify, or Phillips could testify. It has to make a determination just how relevant and the extent of Phillips' testimony would have been at trial. Here, all we have to show is that the petition presented a substantial, made a substantial show of it. And due to the fact that there was another man seen in the area who was not Mr. Jackson, it certainly was relevant to the defense. The defense was that somebody else committed the crime. And again, Phillips' testimony was not too speculative or uncertain as to buy Phillips from testimony during the trial. So I asked this Court to find if the evidence was relevant. Phillips' proposed statement of testimony was relevant. It was not too speculative or uncertain. And the issue that Mr. Jackson's petition made a substantial showing of a constitutional violation of appellate counsel's failure to raise this meritorious and preserved issue, and asked this Court to remand the case for a third-stage evidentiary hearing based upon the amended petition's showing that there was a substantial violation of effective assistance of appellate counsel. Thank you. Thank you, Your Honors. We appreciate the briefs and arguments of counsel to take the case under advice and issue an order in these courts. Thank you.